IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
SEP 1 6 2013
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. 13-5198 |
| v. | JURY TRIAL DEMAND   PKH |
| TRIPLE - T FOODS - ARKANSAS<br>Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Alegandra Villanueba who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission (Commission) alleges that Triple - T Foods - Arkansas terminated Ms. Villanueba because of her pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) and §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Arkansas, Fayetteville Division

1

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000-5(f)(1) and (3.

4. At all relevant times, Defendant Triple - T Foods - Arkansas (Defendant Employer) was a corporation doing business in the State of Arkansas and the City of Springdale and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e.

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Alegandra Villanueba filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September of 2012, Defendant Employer has engaged in unlawful employment practices at its Springdale, Arkansas location in violation of Section §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a). The unlawful practices include, but are not limited to, discriminating against Alegandra Villanueba by terminating her employment because of her pregnancy.

   a. Defendant Employer processes meat by-products used in pet food at its location in Springdale, Arkansas.

   b. In August of 2012, Defendant Employer hired Ms. Villanueba as a lab

2

technician in quality control at its Springdale, Arkansas location.

c. As a lab technician, Ms. Villanueba checked the meat for water content, checked the work area for cleanliness, checked temperature controls in the outside trailers, and checked the fire extinguishers and fly traps. She also prepared and maintained quality control reports and reported any quality control problems to her team leader.

d. As part of her job duties, Ms. Villanueba worked around and/or with raw meat.

e. On or about September 11, 2012, Ms. Villanueba informed Defendant Employer she was pregnant.

f. Approximately one hour later, Defendant Employer told Ms. Villanueba it was necessary to lay her off for the safety of both her and her baby.

g. Defendant Employer alleged Ms. Villanueba's doctor had restricted her from working around raw meet due to a weakened immune system.

h. Ms. Villanueba did not have any restrictions from her doctor. Specifically, Ms. Villanueba's doctor did not restrict her from working with raw meat.

8. The effect of the practices complained of in paragraphs 6 through 7 above has been to deprive Ms. Villanueba of equal employment opportunities and otherwise adversely affect her status as an employee because of her pregnancy.

9. The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Ms. Villanueba.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

3

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex and pregnancy.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating any employee because of her pregnancy.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant females, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to make whole Alegandra Villanueba by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement to a job comparable to the one from which she was removed, or alternatively to provide front pay.

E. Order Defendant Employer to make whole Alegandra Villanueba by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraph 7, including medical and/or counseling expenses, job search expenses, and other appropriate expenses, in amounts to be determined at trial.

F. Order Defendant Employer to make whole Alegandra Villanueba by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 6-7 above, including emotional pain, suffering, embarrassment, inconvenience, loss of enjoyment of life, and humiliation, in

amounts to be determined at trial.

G.  Order Defendant Employer to pay Alegandra Villanueba punitive damages for its malicious and reckless conduct described in paragraph 7 above in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Faye A. Williams by PL*
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

*Joseph Crout by PL*
JOSEPH CROUT
Supervisory Trial Attorney
TN Bar No. 012957

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Avenue, Ste. 901
Memphis, TN 38104
Telephone: (901) 544 0136

*[signature]*

PAMELA B. DIXON
Senior Trial Attorney
AR Bar No. 95085

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR  72201
Telephone:  (501) 324-5065
pamela.dixon@eeoc.gov