## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION**                                          **PLAINTIFF**

**v.**                          **Case No. 5:13-CV-05198**

**TRIPLE T FOODS - ARKANSAS**                          **DEFENDANT**

### CONSENT DECREE AND ORDER OF DISMISSAL

The Equal Employment Opportunity Commission (Commission) instituted this action against the Defendant Triple - T Foods - Arkansas (Defendant) to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Title VII), and the Civil Rights Act of 1991, 42 U.S.C. §1981a.  In its Complaint, the Commission alleges that Defendant terminated the employment of Alegandra Villanueba because of her pregnancy.

This Consent Decree (Decree) does not constitute a finding on the merits of the case and does not constitute an admission by Defendant of the allegations in the Complaint. The Commission and Defendant have consented to entry of this Decree to avoid the additional expense that continued litigation of this case would involve.

This Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters referenced herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. No representations or inducements to compromise this action have been made between the parties, other than those recited or referenced in this Decree.

-1-

The Court has reviewed the terms of this Decree in light of the applicable laws and regulations and the representations of counsel for the parties, and hereby approves this Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

## I.  JURISDICTION

1.      The United States District Court for the Western District of Arkansas, Fayetteville Division, has jurisdiction over the parties and subject matter of this litigation.

2.      The parties do not contest jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

## II.  SCOPE AND DURATION OF DECREE

3.      This Consent Decree resolves all issues and claims arising out of the Commission's Complaint in this cause alleging unlawful employment policies and practices maintained by Defendant and arising out of Charge No. 493-2012-01802 filed by Alegandra Villanueba with the Commission.  Notwithstanding any provisions contained in this Decree, this Agreement shall not be considered in any manner to be dispositive of any charges now pending before any office of the Commission other than Charge No. 493-2012-01802.

4.      The provisions of this Consent Decree shall continue to be effective and binding upon the parties to this action for a period of one year from the date of the entry of this Decree.

## III.  INJUNCTIVE RELIEF

5.     Defendant, its officers, agents, employees, and all persons acting in concert with Defendant are enjoined from discriminating against any employee's sex, because of pregnancy, or any pregnancy related condition.

6.     Defendant, its officers, agents, management, (including supervisory employees), successors, and assigns are enjoined from retaliating against any employee because the employee filed complaints of sex or pregnancy discrimination.

## IV.    TRAINING

7.     Within 120 days from the entry of the Decree, Defendant shall provide pregnancy discrimination awareness training to all supervisory and management personnel at its Springdale, Arkansas, facility according to the following terms:

- The training session will include at least two hours of instruction;
- The training must include the proper handling and investigation for complaints of pregnancy discrimination;
- The training must also include the following topics:
  - i.     what constitutes pregnancy discrimination;
  - ii.    how to prevent pregnancy discrimination;
  - iii.   the rights of pregnant employees to work in the workplace;
  - iv.    Defendant's policy against pregnancy discrimination;
- Defendant shall utilize the Commission's EEOC Compliance Manual regarding pregnancy discrimination as a model for the training; and
- Defendant shall also provide training on retaliation.

8.     Within thirty (30) days after execution of this Consent Decree, Defendant

-3-

shall submit to the Commission the date of the proposed training session and a detailed outline of the proposed training.

9.      Defendant shall distribute/redistribute to all non-management employees a copy of its policy regarding its complaint procedure to be utilized if the employee believes she is being discriminated against because of her pregnancy.

10.     Defendant will retain an outside human resources consultant or attorney who has specialized knowledge of employment/pregnancy discrimination and who has experience in labor and employment law to provide the training and to fulfill the training requirement in Paragraph 7 above.

11.     With the exception of Section VII below, Defendant shall explain and discuss in detail this Decree during the training of management and supervisory employees at its Springdale, Arkansas location.

12.     Within ten days after the pregnancy discrimination training, Defendant will require each participant to read and sign a copy of Defendant's policy prohibiting pregnancy discrimination and Defendant will give each manager and supervisor a copy of the policy.

13.     When signing the policy referenced in Paragraph 9, each participant will also sign a statement affirming that he/she received the training, indicate he/she understands it is illegal to discriminate on the basis of pregnancy, and acknowledge that the failure to follow company policy may subject the company to liability and result in his/her discharge.

14.     Defendant shall provide to the EEOC a roster of all management and supervisory attendees and a copy of the training materials as part of its first report. Defendant will forward this information to Pamela Dixon, Trial Attorney for the EEOC, at

the address listed on the signature page of this Decree.

## V. <u>REPORTING</u>

15.     Within forty-five (45) days of the conclusion of the training session, Defendant shall provide its first report to the EEOC to indicate that the training took place for the managers and supervisors as outlined in Section IV.

16.     Defendant shall provide its second and final report to the Commission eleven (11) months from the entry of the Decree.  The report shall include a list of the employees that attended the training session, a copy of the syllabus, a copy of the training materials, any additional training conducted by Defendant during the relevant time period, and any complaints of pregnancy discrimination.

17.     Each report will also include a certification by Defendant that the notice required to be posted pursuant to Section VI of this Decree remained posted during the period preceding the report.

18.     As a result of this lawsuit, Defendant has hired a Human Resources Director to handle all personnel issues.  All employees are encouraged to contact Human Resources in the event of any personnel issues.  As a result of this lawsuit, Defendant has also hired a consulting firm to assist its Human Resources Department in dealing with all personnel issues.  All supervisors and managers have been notified to refer and/or discuss all personnel issues with the Human Resources Department.

19.     Defendant's Human Resources Office will conduct interviews with all of its pregnant employees prior to them taking leave or being placed on layoff.

       a.     Defendant will ask each employee whether she is taking leave voluntarily;

b.     Defendant will ask each employee whether she has been forced to take leave; and

c.     Defendant will submit the results of these interviews to EEOC during the relevant reporting period.

## VI.  NOTICE

20.     Within thirty (30) days of the entry of this Decree, Defendant shall post and cause to remain posted for a period of one year from the date of the Decree at its Springdale, Arkansas location the notice attached hereto as Exhibit A. The notice shall be in the same typeface and size as Exhibit A and shall be on company letterhead.

21.     In the event of a sale of all or part of Defendant's assets to an unrelated third party, the notice attached as Exhibit A1 will replace the Notice attached as Exhibit A. Exhibit A1 will remain posted for the duration of the Decree.

22.     Defendant shall conspicuously post the notice (poster) required to be posted by Title VII of the Civil Rights Act of 1964, as amended.

## VII.  INDIVIDUAL RELIEF

23.     Defendant will pay a total of $30,000 to Alegandra Villanueba in full and final settlement of the claims of Alegandra Villanueba under the Commission's Complaint.

24.     Of this settlement $15,000 is designated as back pay.

25.     Of this settlement $15,000 is designated as interest and non-pecuniary compensatory damages.

26.     Defendant will issue an IRS Form W-2 to Alegandra Villanueba for the amount of monetary relief designated as back pay. Lawful employment payroll deductions

for social security and withholding taxes shall be deducted from the back pay amounts, and the deductions shall be itemized.

27.     With respect to the amount designated as back pay, Defendant shall be responsible for all required State and Federal employer contributions, including, without limitation, the employer's share of payments for FUTA and FICA, and such payments shall not be deducted from the settlement payment.

28.     Defendant will issue an IRS Form 1099 to Alegandra Villanueba for the amounts designated as interest and non-pecuniary compensatory damages and shall designate that the amount was issued as damages and interest.

29.     Within ten (10) business days of the entry of this Decree by the Court, Defendant shall mail the check(s), via certified mail, to Alegandra Villanueba at the address provided by the Commission. Concurrently, a copy of the check and related correspondence will be mailed to Pamela Dixon, EEOC Trial Attorney, at the address listed on the signature page of the Decree.

30.     Late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

31.     Defendant agrees to expunge the personnel records of Alegandra Villanueba of any potentially unfavorable or adverse personnel comments regarding any aspect of her application or employment with Defendant.   Defendant shall expunge from these employment records any reference to the charge of discrimination or the litigation of the matter.

32.     Defendant agrees to provide a favorable reference for Alegandra Villanueba regarding any inquiry into her employment with Defendant.   Any such reference shall be

-7-

identical to the form demonstrated in Exhibit B.  No mention of the EEOC charge of discrimination or this action will be made as part of the favorable reference.

## VIII.  **NOTIFICATION OF SUCCESSORS**

33.     Defendant will provide to any potential purchaser of Defendant's business or a purchaser of all or a portion of Defendant's assets, and to any other potential successor a copy of this Consent Decree.

## IX.  **ENFORCEMENT**

34.     If Defendant fails to comply with the terms of this Decree, the Commission has a right during the term of this Decree to enforce the obligations under the Decree.  The Commission will provide at least thirty (30) days notice to Defendant of any deficiency in complying with the terms of the Decree. If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.

## XIII.  **MISCELLANEOUS**

35.     Each party shall bear that party's own costs, attorneys' fees, and expenses.

36.     If the Court finds any provision of this Decree unlawful, the Court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

37.     When this Decree requires a certification by Defendant of any facts, such certification will be made under oath or penalty of perjury by an officer or management employee of Defendant.

38.     When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the Commission, they will be mailed to Title VII

Settlement, c/o Pamela Dixon, EEOC Trial Attorney, at the address listed on the signature page of the Decree.

Therefore, in consideration of the terms of this Consent Decree and the parties' written confirmation to the Court that all issues in this lawsuit have been fully and finally resolved, **IT IS ORDERED** that the Complaint herein is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 21st day of July, 2014.

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 2 1 2014

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

**COUNSEL FOR PLAINTIFF**

**P. DAVID LOPEZ**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

/s/Faye A. Williams_____
400
**FAYE A. WILLIAMS**

Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, TN  38104
(901) 5440088

/s/Pamela B. Dixon_____
**PAMELA B. DIXON**
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
Little Rock Area Office
820 Louisiana, Suite 200
Little Rock, Arkansas 72201
 (501) 324-5065

**COUNSEL FOR DEFENDANT**

/s/Phil Campbell_____
   **PHIL CAMPBELL**
   FUQUA CAMPBELL, P.A.
   425 West Capitol Avenue, Suite

Little Rock, AR  72201

(50 I) 374-0200

/s/Robert K. Rhoads____
**ROBERT K. RHOADS**
HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON PC
75 N. East Avenue, Suite 402
Fayetteville, Arkansas 72701
(479) 973-5200

EXHIBIT A

NOTICE

1.      This Notice to all employees of TRIPLE - T FOODS - ARKANSAS (Triple T)  is being posted as part of a remedy agreed to between Triple T and the Equal Employment Opportunity Commission in settlement of a lawsuit filed by the EEOC against Triple T alleging pregnancy discrimination.

2.      As part of the settlement Triple T has agreed to retrain its supervisors and managers on the prevention of pregnancy discrimination in the workplace.

3.      Title VII of the Civil Rights Act of 1964, as amended, is a federal law that requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 and older), pregnancy, or disability.

4.      Triple T supports and complies with Title VII in all respects and will not take any action against employees because they have opposed employment practices made illegal by Title VII or exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission, or because they testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII.

5.      If you believe that you have been discriminated against because of your pregnancy, or due to retaliation, you may contact the Equal Employment Opportunity Commission (EEOC) at the following national toll free number:
        1-800-669-4000.  If you have a TTY device for hearing impaired:  TTY Number is 1-800-669-6820. You may also contact the EEOC's Memphis District Office at the following number: 1-501-324-5014 (TTY)

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**

This notice must remain posted for one year from the date below, and must not be altered, defaced, or covered by any material.

_____

Triple - T Foods - Arkansas

_____
Date

-11-

EXHIBIT A1

NOTICE

1.      This Notice to all employees of (NEW OWNER)  is being posted as part of a remedy agreed to between the previous owner of the company and the Equal Employment Opportunity Commission in settlement of a lawsuit filed by the EEOC against the previous owner alleging pregnancy discrimination.

2.      As part of the settlement the previous owner agreed to retrain its supervisors and managers on the prevention of pregnancy discrimination in the workplace.

3.      Title VII of the Civil Rights Act of 1964, as amended, is a federal law that requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 and older), pregnancy, or disability.

4.      (NEW OWNER) supports and complies with Title VII in all respects and will not take any action against employees because they have opposed employment practices made illegal by Title VII or exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission, or because they testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII.

5.      If you believe that you have been discriminated against because of your pregnancy, or due to retaliation, you may contact the Equal Employment Opportunity Commission (EEOC) at the following national toll free number:
     1-800-669-4000.  If you have a TTY device for hearing impaired:  TTY Number is 1-800-669-6820. You may also contact the EEOC's Memphis District Office at the following number: 1-501-324-5014 (TTY)

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**

This notice must remain posted for one year from the date below, and must not be altered, defaced, or covered by any material.


_____                                                     (NEW OWNER
_____
Date

-12-

EXHIBIT B

To Whom It May Concern:

This letter is in response to your inquiry regarding the employment of Alegandra
Villanueba while employed at Triple - T Foods - Arkansas.  Ms. Villanueba worked at
Triple T as a _____from _____ through _____.    There were no issues
with Ms. Villanueba's while she was employed, and she was a very good employee.

Very truly yours,

Triple - T Foods - Arkansas